IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 1:19-bk-03021-HWV |
| TIMOTHY LEE WILKINSON, and CHRISTINE MARIE WILKINSON | Chapter 13 |
| Debtor | |
| 21ST MORTGAGE CORPORATION | Motion to Dismiss Case |
| Movant | 11 U.S.C. § 1307(c) |
| v. | |
| TIMOTHY LEE WILKINSON, and CHRISTINE MARIE WILKINSON | |
| Respondents | |

**MEMORANDUM INCLUDING FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER DENYING MOTION TO DISMISS UNDER 11 U.S.C. § 1307**

This matter came before the court on September 25, 2019 (the "Hearing") on the Motion of 21st Mortgage Corporation (the "Movant") to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 1307(c) (the "Motion"), and the Answer filed thereto by Timothy Lee Wilkinson and Christine Marie Wilkinson ("Debtors") in the above-captioned case. In the Motion, Movant asserts that the Debtors "commenced this bankruptcy case in bad faith in an effort to hinder and delay Movant from exercising its [state law] rights" in connection with its collateral and that the filing of the instant case is therefore "a deliberate attempt to circumvent § 109(g)(2) of the Bankruptcy Code." Movant relies upon this court's decision of *In re Swigert*, 601 B.R. 913 (Bankr. M.D. Pa. 2019) to support its Motion. Christine Marie Wilkinson was the only witness to provide testimony at the Hearing. Based upon that testimony and the arguments presented by Movant and the Debtors at the Hearing, the court makes the following Findings of Fact and Conclusions

of Law.

## Findings of Fact

1.  Before the above-captioned case was filed, the Debtors filed a prior Chapter 13 petition in this District on March 15, 2018 at Case No. 1:18-bk-01053-HWV (the "Prior Case"). The Debtors were represented by Dawn Cutaia, Esquire in the Prior Case.

2.  By motion dated February 5, 2019, Movant sought relief from the automatic stay relative to the Debtors' residence located at 757 Gablers Road, Gardners, Pennsylvania in the Prior Case (the "Motion for Relief").

3.  On February 5, 2019, notice of the Motion for Relief was served by Movant upon the Debtors and their attorney, Dawn Cutaia, Esquire, advising them that the deadline to file an answer opposing the Motion for Relief was February 19, 2019.

4.  No response to the Motion for Relief was filed and this court entered an Order by default granting the Motion for Relief on February 25, 2019.

6.  On July 15, 2019 (the "Petition Date") the Debtors filed the present Chapter 13 petition in this District to the above-captioned case number (the "Present Case"). The Debtors are represented by Kara Gendron, Esquire in the Present Case.

7.  It is unclear from the record whether Debtors' counsel in the Prior Case was aware that the Debtors had obtained new counsel to file the Present Case prior to the Petition Date.

8.  The Prior Case was still pending before this court and no motion to dismiss the Prior Case had been filed at the time Attorney Gendron initiated the Present Case on behalf of the Debtors.

9.  On July 16, 2019, one day after the Present Case was filed, Attorney Cutaia filed

a motion to voluntarily dismiss the Prior Case on behalf of the Debtors (the "Motion for Voluntary Dismissal").

10. On August 28, 2019, Movant filed the instant Motion seeking dismissal of the Present Case asserting that it was not filed in good faith.

11. The Debtors here employed different counsel in each case, and no evidence was presented to suggest the attorneys were working together towards a common goal when they filed their respective documents as referenced above.

### Conclusions of Law

1. In *Swigert*, this court dismissed a subsequent and overlapping petition for lack of good faith after finding that § 109(g)(2) would have applied "but for the peculiar timing of the petition" and that the debtors had "clearly timed their petition . . . deliberately to avoid the impact of section 109(g)(2)." *Swigert*, 601 B.R. at 924-25. Critical to such findings was this court's conclusion that the debtors in that case requested and obtained the voluntary dismissal of their prior case *as a consequence of* the motion for relief filed therein. *Id*. at 923.

2. Unlike the movant in *Swigert*, the Movant here has not established by a preponderance of the evidence that the Debtors' Motion for Voluntary Dismissal was filed as a consequence of the Motion for Relief. No evidence was offered to link these two motions in this manner and the court will not assume the existence of such a relationship simply because one occurred subsequent to the other. Such an approach was considered and expressly rejected by this court in *Swigert*. *Id*. at 921-23 (holding that the term "'as a consequence of' assigns something more than a temporal connection").

3. Accordingly, and distinct from *Swigert*, this court cannot find that § 109(g)(2) would have applied here but for the peculiar timing of the petition. Because of this, the court

also cannot find that the Debtors clearly timed their petition deliberately to avoid the impact of § 109(g)(2) as was the case in *Swigert*.

In view of the foregoing, which shall serve as my findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 9052, the Motion must be denied.

An appropriate order will follow.

Dated: November 26, 2019  By the Court,

_____
Henry W. Van Eck, Bankruptcy Judge (LS)